IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMUCHE GIBSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-0662 |
| | § | |
| FEDERAL HOME LOAN | § | |
| MORTGAGE CORPORATION, | § | |
| *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This foreclosure case is before the Court on Defendant Jack O'Boyle &
Associates's Motion to Dismiss [Doc. # 4] and on the Motion to Dismiss [Doc. # 5]
filed by Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"),
JPMorgan Chase Bank, N.A. ("Chase"), and Mortgage Electronic Registration
Systems, Inc. ("MERS").  By Order [Doc. # 9] entered April 17, 2012, the Court
ordered Plaintiff Amuche Gibson, *pro se*, to file any opposition to the Motions to
Dismiss by May 10, 2012.  The Court cautioned Plaintiff that failure to respond by the
deadline would result in dismissal of the lawsuit.  Plaintiff neither filed a response to
the Motions to Dismiss nor requested an extension of time to do so.  Pursuant to the
Local Rules of the United States District Court for the Southern District of Texas,

failure to respond to a motion is taken as a representation of no opposition.  S.D. TEX.

R. 7.4.   Nonetheless, the Court has reviewed the full record and applicable legal

authorities.  Based on that review, and absent any opposition from Plaintiff, the Court

**grants** the Motions to Dismiss.

## I.      BACKGROUND

Plaintiff executed a Promissory Note and Deed of Trust in connection with the

purchase of real property in Sugarland, Texas.  The property was sold at foreclosure

to Freddie Mac on November 3, 2009.  Following a trial on January 31, 2012, the

Justice Court Precinct 3, Place 1, of Fort Bend County, Texas granted judgment in

favor of Freddie Mac in a forcible detainer proceeding, awarding Freddie Mac

possession of the property.

Plaintiff filed this lawsuit in the 240th Judicial District Court of Fort Bend

County, Texas, that same day.  Plaintiff's Complaint is primarily lengthy quotes of

statutes, publications from the Department of Housing and Urban Development, and

other documents.  Fundamentally, Plaintiff asserts that the Note and Deed of Trust on

her property were void for a variety of reasons including sale of her loan on a

"secondary market," violations of the Truth in Lending Act ("TILA"), the Home

Ownership Equity Protection Act ("HOEPA"), the Real Estate Settlement Procedures

Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Uniform Commercial Code ("UCC").

Defendants removed the lawsuit to federal court.  Defendants have moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  Plaintiff has failed to file any opposition to the motions, which are now ripe for decision.

## II.    STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Id.*  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Id.* at 1950. Nonetheless, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See*

*Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.   ANALYSIS

### A.   Wrongful Foreclosure and Cancellation of Recorded Deeds of Trust

Plaintiff asserts that the foreclosure on her property was wrongful and seeks "cancellation of recorded trust deeds" because they were "rendered void by operation of law pursuant to the TILA Rescission Notice under TILA, HOEPA" and RESPA. The deadline for rescission is three years after the transaction is consummated or upon the sale of the property, whichever occurs first.  *See* 15 U.S.C. § 1635(f); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 185 (S.D. Tex. 2007) (Rosenthal, J.).  In this case, the loan transaction was consummated in May 2006, more than three years before Plaintiff filed this lawsuit in January 2012.  Because Plaintiff's attempt to rescind the loan was untimely, the failure to allow rescission did not render the foreclosure wrongful.  Consequently, the claims for wrongful foreclosure and to cancel the loan documents are dismissed.

### B.   Fair Debt Collection Practices Act and Uniform Commercial Code

Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim, apparently asserted against all Defendants, is premised on her argument that the Note and Deed of Trust are void, including her argument that Defendants "are not the Holders in Due

course of said Plaintiff's promissory note." *See* Complaint, ¶¶ 39-43.  Similarly, the Uniform Commercial Code claim is based on the argument that the lender must "have possession of the Plaintiff's promissory Note before Defendants can collect." *See id.*, ¶ 47.

The Texas Property Code states that "a mortgage servicer may administer the foreclosure of property." TEX. PROP. CODE § 51.0025.  Under Texas law,  a mortgage servicer need not be the holder of the original note.  *See id.* ¶ 51.0001(3), (4) (including "holder of a security instrument" in the definition of mortgagee and stating that a "mortgagee may be the mortgage servicer").  Consequently, this provision of the Property Code contemplates that someone other than the holder of the original note may lawfully foreclose on the security interest.  *See Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 166 (Tex. App.– Eastland 2010, *pet. denied*); *see also Wells v. BAC Home Loans Servicing, LP*, 2011 WL 2163987, *3 (W.D. Tex. Apr. 26, 2011); *Broyles v. Chase Home Fin.*, 2011 WL 1428904, *3 (N.D. Tex. Apr. 13, 2011); *Sawyer v. Mortg. Elec. Registration Sys., Inc.*, 2010 WL 996768, *3 (N.D. Tex. Feb. 1, 2010).  Consequently, Plaintiff's claims under the FDCPA and the UCC are dismissed for failure to state a claim.

### C.     Real Estate Settlement Procedures Act

The Real Estate Settlement Procedures Act ("RESPA") requires a loan servicer to respond by certain deadlines to a "qualified written request" from a borrower.  *See* 12 U.S.C. § 2605(e).  For purposes of RESPA, a "qualified written request" is defined as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer," that identifies, specifically or in a manner that enables the loan servicer to identify, the name and account at issue, and that "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."  *See* 12 U.S.C. § 2605(e)(1)(B).  The borrower must show that actual damage resulted from an alleged violation of § 2605(e) in order to recover under RESPA.

Plaintiff has failed to allege facts to establish that she sent Defendants a document satisfying the requirements for a "qualified written request."  Consequently, Plaintiff has failed to state a claim for relief under RESPA.

### D.     Quiet Title

To recover on a claim to quiet title, Plaintiff must prove that he has superior title to the property over Defendants.  *Rogers v. Ricane Enters.*, 884 S.W.2d 763, 768 (Tex. 1994).  A suit to quiet title generally "relies on the invalidity of the defendant's

claim to the property" and "exists to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Gordon v. West Houston Trees, Ltd.*, 2011 WL 1598790, *7 (Tex. App.—Houston [1st Dist.] 2011) (internal quotation marks and citations omitted).

Plaintiff has failed to allege a factual or legal basis for the claim to quiet title. She asserts that she is the title owner and that Defendants are attempting to foreclose on the property. *See* Complaint, ¶ 53. In other paragraphs of the Complaint, however, Plaintiff alleges that Defendants have already foreclosed on the property.[1] *See, e.g., id.*, ¶¶ 13-14. Absent factual allegations supporting the existence of Plaintiff's superior title, Defendants are entitled to dismissal of the claim to quiet title.

### E.   **Injunctive Relief**

Plaintiff seeks injunctive relief precluding Defendants from asserting any interest in the property, transferring any interest in the property, maintaining any action in connection with the property, and making any negative report to any credit agency. Because Plaintiff has failed to state a claim upon which relief can be granted, injunctive relief is unavailable. *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S.

---

[1]   Defendants assert that the real property records of Fort Bend County reflect that Plaintiff's property was sold following foreclosure. Although Defendants have not submitted a copy of those records, Plaintiff has not objected to or otherwise disputed the assertion.

531, 546 n.12 (1987) (essential element of request for permanent injunction is "actual success on the merits").

### F.   Qualified Immunity

As an additional basis for dismissal of Plaintiff's claims against it, Defendant Jack O'Boyle & Associates ("JO&A") asserts qualified immunity from the lawsuit. JO&A is the law firm that represented Freddie Mac in the post-foreclosure forcible detainer proceeding against Plaintiff.  In order to promote zealous representation, Texas courts have held that an attorney enjoys "qualified immunity" from civil lawsuits by non-clients for actions taken in connection with representing a client in litigation.  *See Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App. – Houston [1st Dist.] 2005, pet. denied) (citing *Butler v. Lilly,* 533 S.W.2d 130, 131-34 (Tex. App. – Houston [1st Dist.] 1976, writ dism'd)).  As a result, on the basis of qualified immunity, JO&A is entitled to dismissal of claims against it asserted by non-client Gibson.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted.  Accordingly, it is hereby

**ORDERED** that Defendants' Motions to Dismiss [Docs. # 4 and # 5] are **GRANTED** and this case is **DISMISSED**. The Court will issue a separate Dismissal Order.

SIGNED at Houston, Texas, this **23rd** day of **May, 2012**.

Nancy F. Atlas
United States District Judge